UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>v.<br><br>$6,750,000 SEIZED IN PLACE IN<br>CHARLES SCHWAB & COMPANY<br>ACCOUNT x1174<br>   Defendant. | §<br>§<br>§  CIVIL ACTION NO. ___<br>§<br>§<br>§<br>§<br>§ |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this civil action for forfeiture in rem against $6,750,000 that was invested in an account at Charles Schwab & Company. The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2. A substantial part of the acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a).

THE DEFENDANT PROPERTY

3. The Defendant Property is $6,750,000 in funds invested in an account at Charles Schwab & Company with an account number ending in 1174, held in the

1

name of ISS Investments, Ltd., and any interest or appreciated value attributable to such investment (hereinafter, the "Defendant Property"). The Defendant Property was seized in place and remains on deposit.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C).

5. Section § 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."

6. Pursuant to 18 U.S.C. § 24(a), violations of 18 U.S.C. § 1347 (health care fraud) and 42 U.S.C. § 1320a-7b(b) (payment and receipt of kickbacks) constitute federal health care fraud; and pursuant to 18 U.S.C. § 1956(c)(7)(F), a federal health care fraud offense, including conspiracy pursuant to Section 1349, is "specified unlawful activity."

7. Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957. Section 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

8. The United States alleges that the Defendant Property is subject to forfeiture as the proceeds of federal health care fraud and as property involved in money laundering.

## TRICARE PROGRAM AND COMPOUNDED DRUGS

9. TRICARE is a health care insurance program of the United States Department of Defense which provides civilian health benefits for military personnel and dependents. TRICARE is a Federal Health Care Benefit Program as defined by Title 18, United States Code, § 24(a), and as such it is illegal for an individual to pay kickbacks to a person for the referral of an individual for the furnishing of some health care item, benefit or service, such as a compounded medication from a pharmacy.

10. Compounded Drugs are not approved by the United States Food and Drug Administration ("FDA"), so the FDA does not verify their safety, potency, effectiveness or manufacturing quality. For a compounded drug to be covered by insurance, it must contain at least one ingredient/drug that requires a prescription, and that ingredient/drug must be approved by the FDA. Compounded Drugs are generally billed at a high rate.

11. When medically necessary, a licensed practitioner may combine, mix or alter the ingredients of a drug or multiple drugs to create a Compounded Drug tailored to meet the medical needs of an individual patient. For example, a patient

may have an allergy to an ingredient of an FDA-approved drug, like a dye, that can be eliminated from the drug; or the patient may not be able to take the FDA-approved drug in pill form because he has a medical condition that prevents him from swallowing a pill, but he can take the medicine in the form of a liquid.

## ENTITIES AND PAYMENTS

12.  Minu RX, LTD, doing business as Memorial Compounding Pharmacy ("Memorial"), was a pharmacy located in Houston, Texas. Memorial was enrolled as a healthcare provider with the TRICARE program. From in or about January 2013, Memorial billed TRICARE for Compounded Drugs and for other medicines.

13.  From January 1, 2013 through December 2015, TRICARE paid Memorial approximately $19 million for Compounded Drug claims. TRICARE made its payments into two business bank accounts of Memorial, with the majority of payments being deposited to Memorial's bank account with an account number ending in 8291 ("Bank Account x8291"). The president of Minu RX, LTD is an authorized signatory for both of the Memorial business bank accounts.

14.  The president of Minu RX, LTD was also the sole authorized agent for an investment account opened at Charles Schwab & Co., Inc. with an account number ending in 1174 ("Schwab Account x1174"). Schwab Account x1174 is held in the name "ISS Investments, Ltd., A Partnership."

15. Between May 2014 and April 2016, seven transfers of TRICARE funds were made from Memorial's business Bank Account 8291 to Schwab Account x1174, often through cashier's checks, in the total amount of $6,750,000.

## FACTUAL BASIS FOR FORFEITURE

16. Defrauding a health care benefit program is a criminal offense pursuant to 18 U.S.C. §1347. The payment and receipt of illegal kickbacks is prohibited by 42 U.S.C. §1320a-7b(b) and is a federal health care fraud offense.

17. There is reason to believe that Memorial paid kickbacks, directly or through intermediaries, to physicians who prescribed Compounded Drugs to TRICARE beneficiaries and sent the prescriptions to Memorial; and then fraudulently billed TRICARE millions of dollars based on those prescriptions. There is also reason to believe that Memorial fraudulently billed TRICARE millions of dollars for Compounded Drugs that were not medically necessary for, and sometimes not actually provided to, the individual patient.

18. Accordingly, the TRICARE payments based on fraudulent billing are subject to forfeiture as constituting or is derived from criminal proceeds, pursuant to 18 U.S.C. §981(a)(1)(C).

19. Engaging in monetary transactions with more than $10,000 in property derived from specified unlawful activity, which includes federal health care fraud, is a violation of 18 U.S.C. §1957.

20. Between May 2014 and April 2016, there were seven transfers of TRICARE funds withdrawn from Memorial's business Bank Account 8291 and deposited to Schwab Account x1174, often through cashier's checks, in the total amount of $6,750,000. There is reason to believe that each of the seven deposits to the Schwab Account were financial transactions in violation of 18 U.S.C. §1957.

21. Accordingly, the total amount of those seven transactions, $6,750,000 held in the Schwab Account, is property involved in money laundering and subject to forfeiture pursuant to 18 U.S.C. §981(a)(1).

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 21 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served

upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the account holder and on any persons who reasonably appear to be potential claimants.

The United States seeks a final judgment forfeiting the Defendant Property to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: /s/ Kristine E. Rollinson
Kristine E. Rollinson
SDTX Federal No. 16785
Texas State Bar No. 00788314
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone 713-567-9000

## VERIFICATION

I, Derek D. Harmon, Special Agent with the United States Department of Defense – Defense Criminal Investigative Service, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 9 - 21 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. I declare that those facts are true and correct to the best of my knowledge and belief.

_____
Derek D. Harmon, Special Agent
Defense Criminal Investigative Service